from Miss Agatstein. Is that? Agatstein. Agatstein. There you go. Got it. Thank you. All right. Good morning, Your Honors. Jesse Agatstein, Federal Defenders, on behalf of Mr. Siordia. I'm going to aim to reserve three minutes, and I'll watch my clock. So in this case, the prosecutor moved to dismiss. Defense counsel asked to brief, whether it be with or without, no, I'm going to set the matter for trial. That's at ER 253. So at that moment, the magistrate judge erred under Garcia Valenzuela, Rule 48, and separation of powers principles. So for that reason, as well as the corpus delictis, do you... Can I ask you, is your position that he erred by setting it for trial, regardless of whether he implicitly denied the motion, or is that he implicitly denied the motion implicitly part of your argument? In other words, did he... Because before, it seems like, maybe not you, but your client's position was that he had not denied the motion. The judge had not denied the motion. You would agree with that, right? Yeah, he had not ruled out the motion. And now I think your argument is that he had somehow denied the motion. I'm trying to figure out how much your argument turns on the fact that he denied the motion, or do you just think that setting it for trial, regardless of whether he denied the motion, was reversible error? I think setting the matter for trial in response to a motion to dismiss is an implicit denial. And I think that's what Garcia Valenzuela has to say. But don't you think it's at least possible, putting aside this case, to say, okay, you filed a motion to dismiss. I'm going to address the motion to dismiss, but there's this thing that we can't address today because you basically have told me you're not ready to argue it today. And so I'm going to set it for trial, and it's kind of like a before trial or we won't. We'll go to trial. I just want to make sure that if we don't get it addressed, that we'll have a trial date, right? In other words, why is setting it for trial, just doing that ministerial thing, error in itself? So I think here it was more than a ministerial task, but I think Garcia Valenzuela reverses for setting it for trial in response to a government motion to dismiss. And I think that's because the two are inconsistent. Would you agree that the district court judge, or the magistrate, I think it was the magistrate. And I don't remember if it was a he or she, but it was a he or she. Unless he was lying later, you definitely get the impression that he kind of, even though he set it for trial, he's still kind of hoping that the parties would get together and that there would be, you know, and a dismissal would become uncontested and that it would get dismissed. And so, you know, to an extent, your argument is that, well, when he set it for trial, he was kind of strong-armed. It doesn't seem like that. He actually was kind of still hoping it would get dismissed. And when the trial date came and they weren't ready and the government appeared to withdraw his motion, it's almost like the magistrate judge was disappointed. Yeah, I think what happened at the motion hearing is the magistrate judge was annoyed. I think what happened is substitute defense counsel showed up, was not prepared to argue whether the issue would be with or without prejudice. Original defense counsel wasn't there. And the magistrate judge said, you know, screw this, I'm setting it for trial. What's the earliest trial date? No, you do not have time for briefing. And he set it for trial 11 days later. And Rule 48 gives very little. That's not wrong to do that. I mean, he clearly couldn't decide the motion that day because there was a dispute about whether it should be with or without prejudice. You're saying it was error because he should have just said, well, we're going to go ahead and dismiss it without prejudice. He either should have said that or said, OK, I'm going to set another hearing for you to argue it. But I think it's the fact of setting it for trial. That's what I'm confused about, because the motion came back up and the government, well, government didn't really renew it. No. So the motion didn't really come back up. Defense counsel filed a motion to dismiss the morning of trial. So I think it's worth pointing out that the magistrate judge acknowledged at trial that dismissal without prejudice was like off the table. Whatever happened at that motion hearing, that was no longer available because he says that ER 135 either is going to force the government to dismiss with prejudice. I would dismiss for want of prosecution or you'd be faced with the situation we wound up with, which is that. Just be clear. I'm sorry. He said that at the morn of the morning, the morning of trial. So but I but I think the judge also made it clear that the judge's position on that was based on his perception that the government had in the meantime implicitly withdrawn his motion and the government didn't did nothing to I mean, the government could have said, no, no, no, we haven't. It's still on the table. And I think maybe some of that. But it wasn't just the judge acting unilaterally. The judge at least thought that the government had withdrawn his motion. Correct. The magistrate judge did think that the government never did withdraw a motion. It actually the day that the judge says, I think you've implicitly withdrawn your motion, you know, in open court and the government doesn't do anything. I think most of us would think, well, it sounds like that's what they did. I think what happened is very murky. But I think Garcia Valenzuela reverses when a judge sets a case for trial. I think it's worth looking at it. I'm having trouble with what rule you're proposing, because if if the magistrate says or if the government orally moves to dismiss and defense counsel says, I object, I'd like to have a little bit of time to prepare briefing. If the magistrate said, OK, I'll give you a few days to brief this question. Is that here? Is that error? Why? Why not? Because that is. I mean, what if what if the magistrate said, I'm setting this for trial, but I'll give you a briefing in the meantime. You know, to judge Van Dyck's point, setting it for trial doesn't necessarily mean that it's automatically dismissed or not. It's a more murky phrase. And so we're trying to decipher what we what meaning we should give to it. Yeah, well, I think Garcia Valenzuela controls and says what the meaning is there. The trial judge said declared the trial would go forward in response to a government motion to dismiss. And this court said that's error under rule. On the question that Judge Sancho just asked, because that's actually really important. If a slight change to the facts here, he says, I'm setting it for trial, but go ahead and brief your your thing. You want to brief and we'll address it the morning of trial and maybe won't have trial. If that had been what happened, would your position be that that's reversible? Yes, I think so. And I think it's just because trial is inconsistent with the government motion to dismiss the government. Don't you have an invited error problem in that case? I mean, it's it would seem to me that if defense counsel is asking for additional time to respond to have input on it and the and the court exceeds to that request. But you're saying under Garcia Valenzuela, that's error. Isn't isn't the defense inviting error in that instance? There might there might be an issue of invited error and maybe it's not appealable. Maybe it's not an issue overall. But forcing the government to prepare for trial show up the morning of trial when the government says, I don't want to try this case is beyond the boundaries of separation. That's what the government said. And I think that's part of the problem here. And I don't know how to ferret it out in this case because you don't know why the government's asked to dismiss it. In hindsight, we know why, because they didn't. It wasn't because they were trying to exercise prosecutorial discretion and not prosecute your client. It was because they didn't have a witness. They didn't. They weren't ready for trial. It was it was both. It was both that because. Well, I don't I don't think it was both, because if it was both, then they when then they wouldn't have then they would have renewed their motion and they never did. I I they said at trial that it was a combination of a witness being unavailable. And then they said and also because he had no immigration history, no criminal history. We weren't right. But but but they didn't say we just made a decision that this wasn't prosecutable. I mean, they always have some discretion, but I think it's fair to say we'll ask the government here, but that if they didn't have the witness problem, they wouldn't have made the motion. I at the end of the day, I don't think it matters. I think it doesn't matter because the issue is that the whole reason we've adopted this rule, and rightfully so, is a separation of powers issues that that that the court should not force the prosecute the prosecution. And so if the government has the choice here and chooses to proceed, I don't understand the separation of powers problem that we have. Well, so I think that they had chosen to not proceed. And then the magistrate judge says, No, I'm setting the matter for trial. What's the earliest trial date we have? We're going to trial 11 days. We'll be careful. He never says no. I think that's what your problem is. On ER 253, he says, No, I'm setting the matter for trial. Yeah, but he didn't say no. I'm denying the motion. I guess I think that's what. Yeah. Yes. He never said no. No, it's a little ambiguous. But in context, I think it especially given what the judge says later about that he was hoping it would still be dismissed later. It doesn't seem like he was saying no to the motion to dismiss. He was saying no to I'm not going to give you. I think it was no to the briefing itself, which the defense counsel was asking for supplemental briefing. He said, No, I'm setting the matter for trial. Yeah. Okay. So I think the setting the matter for trial in Garcia Valenzuela is the same thing. You know, I looked at the district court docket in Garcia Valenzuela. Obviously, it's an old case. It's from you know, it was brought in 1998. But the docket there never formally says the district court denied the motion to dismiss in that case. Let me let me here's what I think might be distinct about Garcia Valenzuela in that, as I understand it from from reading it, the court asks to see what the defendant wants to do with with these charges. And the defendant says, I want to go forward with trial. And then that's when the court set the matter for trial. But then right after, I think in the same hearing is they start entering into a plea colloquy where the defendant would admit to two of the charges pled. It means, in my view, that that necessarily means that the court had to have dismissed the government's motion to dismiss because you can't enter into that sort of plea colloquy in order to not have dismissal beforehand. But here, I think it's it's kind of a murkier question whether setting the matter for trial meant that it was a dismissal, a denial of the government's motion right then and there, as opposed to deferring the ruling on it. I think the fact that the government never formally withdrew its motion, filed a trial brief that night, showed up prepared to go forward is a similar situation to taking the plea. Both involve implicit denials, right? The court never says no motion to dismiss, denying your motion to dismiss. But both are inconsistent with dismissing the case. What about waiver? The fact that early on I asked you, didn't he take the other position that they had not been denied below? So doesn't that mean that can you take the opposite position of what his counsel took in front of the magistrate? I don't think it's the opposite position, but more importantly, the government didn't address waiver or argue waiver. So we're in sort of a waived waiver situation. But I think counsel saying you didn't explicitly rule on the motion and us saying he implicitly denied is not so inconsistent. But I think we're in a waived waiver. So I don't think this court has to get there. Why would the defense have gotten in the way of the government voluntarily dismissing this case? For the life of me, I don't understand it. And I understand substitute counsel came in, but it's not as if central counsel didn't correct it after the fact immediately after. I'm just wondering why we're even here when there could have been a dismissal on this low level charge. And that would have been that for the client. Yeah, I think what happened is defense counsel, substitute defense counsel wasn't prepared. The magistrate judge got angry. But regular counsel could have circled back and said, all right, I understand what happened. Government, we would not oppose the voluntary dismissal. Yeah. So part of what happened is regular defense counsel ordered the transcript and said, what the hell happened? And then they didn't get the transcript until the morning of trial. There were some delays in transcripts. And by that point, I think the government proceeded to trial. And so at that point, it was too late. Do you want to reserve? Yes. Thank you so much. Thank you. We'll hear from the government. Morning, Your Honors. May it please the Court. Amy Wong on behalf of the United States. I'd like to start by addressing Judge Nelson's question about why the government moved to dismiss in the first place. At ER 136, the government prosecutor explained that one of the imperative witnesses was unavailable for the rest of the year. In addition, in consideration of the holidays, the busy calendars, as well as Mr. Ciordia's lack of criminal and immigration history, the government decided that this was not a case that it was going to go to trial. In response to the defense counsel's request for additional time, objection to the motion to dismiss, the government resolved its scheduling issues, and it was clear by the time of the motion hearing on the date of trial, the government had withdrawn its motion to dismiss and was ready to proceed to trial. Why didn't the government more formally withdraw the motion to dismiss? Is it just because things were moving quickly? Your Honor, it's true that the government never explicitly said, we're revoking our motion, we're withdrawing our motion, but it's clear from the record that the government did revoke. The government immediately filed its trial brief. Where is it clear from the record? At ER 237, 238. I'm a little skeptical of the argument that the government filing a trial motion is tantamount to a withdrawal, because I don't think the trial brief ever mentions the word withdrawing. And one of the bases for having moved to dismiss was the unavailability of this witness, which I think the government concedes didn't resolve itself for another week and a half. So why would the government have withdrawn its motion at that point on the night of when it filed the trial brief? Well, Your Honor, at 237, 238, the magistrate judge stated, having not ruled on the motion, the government was free to revoke or withdraw its motion to dismiss. So right now, there's nothing before me except for the defense motions and not a government motion to dismiss. And the government counsel confirmed, Your Honor, we're ready to proceed with trial. I mean, I think a more fair reading of the record would be that by the time the trial came around, government was prepared to move forward. And at that point, at least, it was at that stage. But I was having some difficulty understanding that point, because it doesn't seem to me as if the trial brief itself is the withdrawal. But I assume it would, would you say that it doesn't make a difference if the government's ready to proceed to trial on the day of? That's correct, Your Honor. The trial brief was the first step to withdraw. It was the first indication that the government would be ready for trial 11 days after the initial motion hearing. And because the magistrate judge had continued the motion hearing 11 days to the morning of the trial, at that point, that was a time for either the government to renew its motion or say, we're ready to proceed. And the government counsel did confirm they were ready to proceed. So let me throw out a couple of hypotheticals. Say you get to the trial and you haven't resolved the witness problem. What would the government have done then? Would they have renewed the motion and said, we've got to make a litigation strategy? Our chances of conviction have gone down. But given the circumstance, we're going to go forward. And there would have been a week and a half to discuss with defense counsel whether a motion to dismiss with or without prejudice at that point would have been a joint motion. But because the government, again, withdrew its motion, whether implicitly or explicitly through its actions, there was no motion to dismiss. Does the government view this case as infringing upon its prosecutorial discretion, what the judge did here? No, Your Honor, because what the judge did was not an abuse of discretion. Based on the record, the judge reserved ruling on the motion to dismiss. And so it gave time for defense counsel, as they asked for, to brief the issue. And even defense counsel in their subpoena... It seems as if on that first date, the magistrate very clearly said no to further briefing. So what in the record gives you the indication that it gave time for defense counsel to file more briefing on the issue? Because at ER 253, later in the record, the court says, if assigned defense counsel wants to bring another motion, I'll hear it on that date. That's fine. But for the life of me, I don't understand this. But so that would suggest... I mean, I think one could, and this is the murkiness of the record, but one could construe that as the magistrate having denied the government's motion. And so, therefore, the defense isn't going to file supplemental briefing on the government's motion. If the defense wants to file its own motion to dismiss, which is what it construed later on, it can. So why isn't that the better way to read the record, that there was an actual denial of the government's motion right then and there? Because based on the record, that's not how anybody read the...  Even defense counsel in their supplemental briefing at 238 says, the court did not rule on the government's motion to dismiss. And so by the time the motion hearing happened on the morning of trial, the government had resolved its scheduling issues, had effectively withdrawn its motion to dismiss, and it was ready to proceed with trial. So, you know, you heard our hypothetical back and forth with the defense counsel, and I was a little surprised that defense counsel's position was that if... Because I understood it. Their position is that if the judge was to say, I'm going to set this for trial, but feel free to brief this, and the morning of trial we'll decide this motion, it sounded to me like she was saying that that would be reversible error, and I don't see how that would be reversible error. But that's not exactly what happened here, as you were just talking about. What happened was the judge actually said you can't do briefing, but then the judge obviously didn't file the brief anyway, and it seemed to... It seems to me the fact that the judge said you can't do briefing is the government's biggest problem in this case, because either you could construe it as having denied the motion and having a different... What is your answer to the fact that the judge said you can't brief this? At one point the judge did say no in response to the request for time to submit more briefing, but at another point the judge did say if defense counsel wants to bring another motion, we'll consider it at that time, that's fine, and that's ER 253. So do you just construe that as, you know, it's kind of the magistrate judge is sitting there and maybe is a little bit upset and doesn't understand why this is going on, and so initially is like we're not going to do this, and then later on is, okay, I'm going to set this for trial, but we'll sort this out later. Is that... Correct. We effectively construe it as the magistrate judge granting defense counsel more time, as they asked for. And again, it's not an abuse of discretion. That's the standard on a review hearing. So I see why you did it, because it helps with the problem of having actually denied the motion on the day, but it's just unclear, I guess, what the judge did. I mean, the judge didn't explicitly say, you know, now I've changed my mind, you get more time. It said something kind of different. He didn't explicitly say you'll have more time, but he did continue the motion hearing, which effectively granted more time, 11 days, in which defense counsel did submit supplemental briefing. But the bottom line is defense counsel could have come in, you know, any time within those next days. If they'd called the government and said, hey, we made a mistake, we wanted to take this dismissal without prejudice, that probably would have resolved it, at least until you solved the witness problem. I don't know what the timeline happened. Do you think that's correct? I guess I'm asking a hypothetical you don't know the answer to, but certainly that was still on the table that this could have been, the government's position would not have been, oh, no, we can't go back to the judge at that point. I don't believe there's anything in the record that would support that one way or the other, but based on my understanding of this case and this time period of prosecuting 1325 misdemeanors, had defense counsel, assigned defense counsel, returned to the government and said, we will agree to the joint motion to dismiss without prejudice, it could have been very likely that the government would say, let's set it for a status. Related to that, make sure I'm correct on what I think I saw in the record, which is I don't believe that defense counsel ever, even at the morning of trial, said, okay, we'll take a motion to dismiss without prejudice. Even assuming it was still on the table up until, let's say it's a little unclear when it was implicitly denied or withdrawn by the government, defense counsel had filed a motion, and that motion was asking for dismissal with prejudice, right, the motion that they had filed? That's correct. Their supplemental briefing asked for dismissal with prejudice, and in that supplemental briefing they raised the potential of prosecutorial harassment. So we don't know what would have happened if the morning of trial defense counsel showed up and said, you know what, we filed this thing that says we want with prejudice, but we're willing to take without prejudice. That's correct. It wasn't an indicator that defense counsel was willing to take dismissal without prejudice. In fact, they specifically asked for dismissal with prejudice. Counsel, can I have you switch gears for a second about the corpus delicti doctrine? The defendant appellant here says that the mode of entry evidence is not sufficient to, is not sufficiently reliable to support the admission at the border. Why do you think that? Why do you disagree with that position? Well, Your Honor, this court in Hernandez held that they were not holding mode of entry was sufficient, and we believe in this case that we do have additional evidence, independent, sufficient evidence to corroborate Mr. Sordia's field admissions. This court in Garcia-Villegas, I believe, held that two independent forms of evidence was sufficient, and in this case, on this record, we do have at least that. We have the observations from Officer DeLaVega, or Agent DeLaVega, who, through his scope or his camera, observed at 6 a.m. in a remote rural area of the border, two individuals crawling in the brush. And then we have the observations of the arresting Border Patrol agent, who said that the two individuals, when they came upon the individuals,  And why does that evidence go to the reliability of the admissions themselves? I mean, I can see why that might go toward the actual crime potentially occurring, which satisfies the first prong of the test, but what about the admissibility side? The admissibility side, it goes to the gravamen of the offense, which is Mr. Sordia is an alien who didn't have permission to enter the United States. And if he wasn't an alien or he had permission, he wouldn't take these steps that a person with permission or a person with lawful status to be in the United States would take to conceal themselves from Border Patrol agents. In addition, we also have the AFILE custodian's testimony that his review of government databases didn't come up with any indication that Mr. Sordia ever applied for or received any immigration benefits. And, again, that corroborates his admission that he didn't have permission to be in the United States. And so we believe that under the corpus delicti rule, and there is sufficient independent corroborating evidence in this case. And so you don't need evidence on the nature of Hernandez, of someone witnessing a person crossing over a fence, or something more specific than that. You think this evidence is sufficient on its own to sustain the field admissions? Yes, Your Honor, we do. And what about the arguments of the record that there was a muddle as to what the nature of those admissions were with whether he was being asked about his country of origin or citizenship status or other things? Is the record as muddled, in your view, as appellant contends? No, Your Honor. I think the record is equivocal in that the Border Patrol agent testified from his memory and paraphrased his interaction with Mr. Siordia. But the core value of Mr. Siordia's field admissions was that he wasn't a citizen, he was an alien, and he didn't have documents to enter the United States. And that part is clear. So unless the Court has any further questions,  Thank you. Thank you. All right, so on corpus delicti, I think the issue here is we're talking about one statement. In all of this Court's cases, it relies pretty heavily on some sort of videotaped custodial confession that then matches with the details of how the person was arrested and then is also matched with the much shorter statements in the field. So this is a little bit different for that. And then I think I agree with Judge Sanchez. This is really a prong two of Lopez Alvarez's issue in the sense this really comes down to corroborating the reliability of the statements. I think it does matter asking someone, where are you from versus what country are you a citizen of? I think people do answer that differently. And so that murkier single statement is what takes this out of the realm of a case like Hernandez. I do want to point out on the dismissal issue, I think the magistrate judge very clearly denied the opportunity for supplemental briefing. At the morning of trial, he reiterated the problem was that she asked for briefing time, and that was not in the cards. That's at ER 134. I was just now looking at that. He says, I'd like the opportunity to brief. And then he said, no, I'm going to set them out for trial. And then he says, what's the earliest date? The clerk gives the date. But then right then he says, I'm continuing the motion hearing until that date. So I think you could construe this as the magistrate judge just saying, I'm not giving an extension of time between now and the trial. That the no is what, it's not clear, but it's odd to say, you say, I want more opportunity to brief. You say, no, I'm going to set them out for trial. But then immediately after that to say, I'm continuing the motion hearing. Yeah, I think the transcript is a mess, to be clear. But I think the trial transcript the morning of, he does say briefing time was not in the cards. So I think he does clarify what his intent was then. He says, you can bring a motion. In the morning of trial he said what? He said, quote, let me get it. The problem was that she asked for briefing time and that was not in the cards. That's at ER 134. Right, so that was the point that the no was actually, I'm not going to give you an extension. But that the no was not necessarily that you wouldn't have an opportunity to brief. In fact, he did give them, he did let them file a brief. He let them file their own motion to dismiss, which under Rule 48 does, you know, we file motions to dismiss all the time. And very rarely are they granted. But the motion to dismiss with prejudice, a brief supporting that is exactly what you would say in saying why we don't want you to dismiss without prejudice. We want you to dismiss with prejudice. It's sort of the same. There's no difference between those, right, as far as the substance of them. I think that there is a difference of supporting saying, yes, we want dismissal, but we want it with prejudice. But that said, I will remind the court that at the end of the day, our position unfortunately doesn't matter that much under Rule 48. Garcia Valenzuela says it doesn't matter whether they agree or disagree before trial. The court does not have discretion to deny based on that, unless the court has any further questions. Okay. Thank you. Thank you to both counsel for your arguments in the case. The case is now submitted.
judges: NELSON, VANDYKE, SANCHEZ